IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| YANKTON KITT KRAMER, #338040, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 1:23-CV-54-WKW ) [WO] |
| JASON SMOAK and CHAPLIN PICKETT, | ) ) ) |
| Defendants. | ) |

## ORDER

In January 2023, Plaintiff Yankton Kitt Kramer, proceeding *pro se*, filed this 42 U.S.C. § 1983 action alleging the violation of his federally protected rights, namely, the denial of a kosher diet while incarcerated at the Houston County Jail. Before the court is the Recommendation of the Magistrate Judge filed on January 28, 2025. The Magistrate Judge recommends the dismissal of this action without prejudice based on Plaintiff's failure to prosecute this action and comply with multiple Orders directing him to provide a change of address. (Doc. # 56.) Objections to the Recommendation were due by February 11, 2025; however, to date, no objections have been filed.

Dismissal without prejudice is warranted on this record. During the early stages of this lawsuit, an Order was entered on January 26, 2023 (Doc. # 4),

instructing Plaintiff that he "must immediately inform the Court . . . of any change in his address" and that his failure to do so "within ten (10) days following a change of address w[ould] result in dismissal of this action." (Doc. # 4 at 2.)  Similar directives and warnings were issued again in Orders entered on February 15, 2023, and March 31, 2023. (Doc. # 6 at 3; Doc. # 9 at 3.) The Order entered on March 31, 2023, included the following directives:

> Plaintiff must immediately inform the Court and Defendants (or Defendants' counsel if counsel has appeared on behalf of Defendants) of any change in his address. If Plaintiff is transferred to a new correctional institution or released from confinement, he must file a notice of change of address at the time his address actually changes. For various administrative reasons, the Court will not change a party's address to reflect a potential future address. Failure to provide a correct address to the Court within ten (10) days following a change of address will result in dismissal of this action. Plaintiff must also diligently prosecute this action or face the possibility of dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

(Doc. # 9 at 3.) The record reflects that these three Orders were mailed to Plaintiff at his then-current address. Those three Orders were not returned to the court as undeliverable, and Plaintiff thereafter complied with the Orders' directives by filing notices of changes of address. (Docs. # 36, 49.) The last notice of change of address, filed on July 22, 2024, informed that Plaintiff was incarcerated at the Kilby Correctional Facility (*see* Doc. # 49 at 2–3), and his incarceration at that facility was confirmed.

2

Since December 2, 2024, all orders mailed to Plaintiff at the Kilby Correctional Facility address have been returned as undeliverable. (*See, e.g.*, Docs. # 52, 54, 57, 58.) While the pending Recommendation (Doc. # 56) is one of the returned documents (Doc. # 58), Plaintiff has not complied with the court's prior directives to update the court of any change of address. As explained, multiple Orders have been entered cautioning Plaintiff that his failure to update the court with any change of his address would result in dismissal of this action.

Based on the foregoing and an independent review of the record, it is ORDERED as follows:

(1) The Recommendation of the Magistrate Judge (Doc # 56) is ADOPTED; and

(2) This action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 14th day of April, 2025.

                                            /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE